**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2026 MSPB 7**

Docket No. DA-831M-23-0284-A-1

**Gerald Douglas Griffith,**

**Appellant,**

**v.**

**Office of Personnel Management,**

**Agency.**

July 17, 2026

Jennifer Duke Isaacs, Esquire, Atlanta, Georgia, for the appellant.

Kevin D. Alexander Sr., Alison Pastor, and Eva Ukkola, Washington, D.C., for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**OPINION AND ORDER**

¶1    The appellant has filed a petition for review of the addendum initial decision, which denied his request for attorney fees.  For the reasons set forth herein, we GRANT the appellant's petition for review, REVERSE the addendum initial decision, and FIND that the appellant is entitled to $16,230.00 in attorney fees.

BACKGROUND

¶2    The following chronology, as recited in the Board's Final Order in the underlying appeal and the addendum initial decision in this matter, is generally

undisputed. *Griffith v. Office of Personnel Management*, MSPB Docket No. DA-831M-23-0284-I-1, Final Order (Aug. 5, 2024); *Griffith v. Office of Personnel Management*, MSPB Docket No. DA-831M-23-0284-A-1, Attorney Fee File (AFF), Tab 4, Addendum Initial Decision (AID). When the appellant retired from his Aerospace Engineer position under the Civil Service Retirement System in September 2000, he chose a reduced annuity with a maximum survivor annuity benefit for his current spouse, indicated that he had a living former spouse and a court order that gave the former spouse a survivor annuity, and noted that the Office of Personnel Management (OPM) already had the court order. Final Order, ¶ 2; AID at 2. On March 12, 2001, OPM notified the appellant that it "processed [his] former spouse's claim for a court awarded portion of [his] civil service retirement benefit," that her March 1, 2001 payment was not deducted, that OPM intended to deduct it in two installments starting with the April 1, 2001 payment, and that it "intend[ed] to honor the court's former spouse survivor annuity award." Final Order, ¶ 2. In a March 16, 2001 special notice, OPM notified the appellant that it had fully reduced his annuity to provide his former spouse with the partial annuity benefit based on the qualifying court order and to provide his current spouse with the balance of the maximum allowable survivor benefit. *Id.*; AID at 2.

¶3      In March 2022, the appellant notified OPM of the death of his former spouse earlier that month, and OPM acknowledged that it recalculated his annuity payment based on this information. Final Order, ¶ 3; AID at 2. On August 24, 2022, OPM stated that it had removed the former spouse from his annuity and that his current spouse would remain at the maximum survivor benefit. Final Order, ¶ 3; AID at 2. However, OPM disclosed that it committed an error in the original gross annuity rate retroactive to the commencement date of his annuity in October 2000. Final Order, ¶ 3; AID at 2. OPM explained that it had only reduced his annuity for a partial survivor benefit for his former spouse, but it had failed to reduce his annuity for the maximum survivor benefit for his current spouse. Final Order, ¶ 3; AID at 2. OPM therefore determined that the appellant had been

overpaid from October 1, 2000, to August 30, 2022, in the amount of $102,239.00, and that he was responsible for the overpayment. Final Order, ¶ 3; AID at 2. The appellant requested reconsideration and a waiver, but on March 31, 2023, OPM affirmed its initial decision. Final Order, ¶ 3; AID at 2. OPM indicated that the appellant would be required to repay the overpayment in 41 monthly installments of $2,483.19, and a final installment of $428.21. Final Order, ¶ 3.

¶4 The appellant then filed a Board appeal requesting a waiver or an adjustment of the overpayment. Final Order, ¶ 4; AID at 2. The administrative judge issued an initial decision, in which she found that OPM proved the existence and amount of the overpayment and the appellant was without fault in the creation of the overpayment. Final Order, ¶ 4; AID at 3. However, the administrative judge determined that the appellant did not prove that the collection of the debt was unconscionable because he did not show that it would cause him financial hardship, that he detrimentally relied on the overpayment, or that OPM's actions or other circumstances, including his age, made waiver appropriate. Final Order, ¶ 4; AID at 3. The administrative judge also found that OPM was not grossly negligent and that the appellant had not established that he was entitled to an adjustment of the collection schedule. Final Order, ¶ 4; AID at 3. Therefore, she affirmed OPM's reconsideration decision. Final Order, ¶ 4; AID at 3. The appellant filed a petition for review. Final Order, ¶ 5; AID at 3.

¶5 The Board granted the appellant's petition for review and vacated the administrative judge's finding that he was not entitled to waiver of the overpayment. Final Order, ¶¶ 1, 8-12. In pertinent part, the Board disagreed with the administrative judge's conclusion that recovery of the debt was not unconscionable. *Id.*, ¶ 9. Rather, citing the 22-year delay for OPM to recognize its error, the considerable amount of the overpayment, and the advanced age of the appellant, the Board found that OPM's delay was egregious and recovery of the overpayment was unconscionable. *Id.*, ¶¶ 10-11. Accordingly, the Board found that waiver of the overpayment was appropriate. *Id.*, ¶ 12.

¶6      The appellant filed a fee petition, in which he requested $16,230.00 in attorney fees. AFF, Tab 1. OPM filed a nonsubstantive response to the fee petition. AFF, Tab 3. The administrative judge issued an addendum initial decision, in which she found that an attorney-client relationship existed and the appellant was the prevailing party, but that an award of fees was not warranted in the interest of justice. AID at 4-8.

¶7      The appellant has filed a petition for review, and OPM has filed a response. *Griffith v. Office of Personnel Management*, MSPB Docket No. DA-831M-23-0284-A-1, Petition for Review (PFR) File, Tabs 1, 3. On review, the appellant asserts that fees are warranted in the interest of justice and that the administrative judge improperly second-guessed the Board's final decision regarding waiver in the underlying appeal. PFR File, Tab 1 at 8-11.

## ANALYSIS

¶8      To establish entitlement to an award of attorney fees under 5 U.S.C. § 7701(g)(1), the appellant must show that he was the prevailing party, he incurred attorney fees pursuant to an existing attorney-client relationship, an award of attorney fees is warranted in the interest of justice, and the amount of fees claimed is reasonable. *Driscoll v. U.S. Postal Service*, 116 M.S.P.R. 662, ¶ 7 (2011). Neither party disputes the administrative judge's finding that an attorney-client relationship existed and the appellant was the prevailing party. AID at 4. We affirm the addendum initial decision in this regard. For the following reasons, we find that attorney fees are warranted in the interest of justice and the amount of claimed fees is reasonable.

Attorney fees are warranted in the interest of justice.

¶9      Typically, an attorney fee award by the Board may be warranted in the interest of justice under the following circumstances: (1) the agency engaged in a prohibited personnel practice; (2) the agency action was clearly without merit or wholly unfounded, or the employee was substantially innocent of the charges;

(3) the agency initiated the action in bad faith; (4) the agency committed a gross procedural error; or (5) the agency knew or should have known that it would not prevail on the merits. *Allen v. U.S. Postal Service*, 2 M.S.P.R. 420, 433-35 (1980). However, in retirement appeals, the most relevant categories for determining if a fee award is warranted in the interest of justice are whether OPM's action was clearly without merit and whether OPM knew or should have known when it issued its reconsideration decision that it would not prevail on appeal. *Goldbach v. Office of Personnel Management*, 49 M.S.P.R. 9, 14-15 (1991); *Kent v. Office of Personnel Management*, 33 M.S.P.R. 361, 365-69 (1987). Indeed, these categories were the only two categories that the appellant relied upon in his fee petition. AID at 5 (citing AFF, Tab 1 at 7). Accordingly, we consider only these categories in our analysis.

¶10    To award fees under the "clearly without merit" category, the Board must determine that, at some point before the close of the appellate record, OPM's failure to acknowledge the appellant's entitlement to the benefit sought—here, a waiver of the overpayment—was blameworthy. *Mansfield v. Office of Personnel Management*, 73 M.S.P.R. 602, 606 (1997); *Stewart v. Office of Personnel Management*, 70 M.S.P.R. 544, 551 (1996). The Board determines whether an OPM reconsideration decision was clearly without merit by considering a totality of the evidence, including (1) whether OPM misled the appellant or failed to put him on notice of the kind of evidence needed to prevail on reconsideration, (2) the extent to which reversal was based on evidence not presented by the appellant but readily available to OPM, and (3) the extent to which the appellant produced evidence that was so compelling that reasonable minds could not differ as to his eligibility for the benefit sought and OPM prolonged the adjudication by failing to approve said benefit. *Davis v. Office of Personnel Management*, 64 M.S.P.R. 6, 10 (1994); *Kent*, 33 M.S.P.R. at 369. The "clearly without merit" standard for awarding attorney fees focuses on the result of the case before the Board. *Mansfield*, 73 M.S.P.R. at 606.

¶11    Regarding the first criterion, we agree with the administrative judge that there was no evidence that OPM misled the appellant or failed to put him on notice of the kind of evidence that he needed to prevail on reconsideration.  AID at 7.  Regarding the second criterion, we agree with the administrative judge that the Board's reversal of OPM's reconsideration decision was not based on any evidence that the appellant failed to provide to OPM.  *Id.*  Indeed, OPM knew about the appellant's age, the amount of the debt, and the length of time it took OPM to recognize its error.  *Id.*

¶12    Regarding the third criterion, we have considered the administrative judge's conclusion that the record evidence was not so compelling that reasonable minds could not differ as to the appellant's entitlement to a waiver.  *Id.* at 7-8.  We disagree with the administrative judge's conclusion in this regard.  In the underlying appeal, the Board relied upon *Estate of Konschak v. Office of Personnel Management*, 84 M.S.P.R. 555, ¶¶ 11-14 (1999), which held that recovery of the overpayment would be unconscionable—and waiver of the overpayment was warranted—because Mr. Konschak was 82 years old, had accumulated an overpayment of $101,702.23 over a 22-year period before OPM discovered an obvious omission in his retirement application, and was not at fault in the creation of the overpayment.  Final Order, ¶¶ 10-11.  We find that the existence of this longstanding precedent—under nearly identical circumstances as the matter before the Board in the underlying appeal—was readily available to OPM and supports the view that reasonable minds could not differ as to the appellant's entitlement to a waiver.  Accordingly, we find that OPM's failure to waive the overpayment was clearly without merit, and we conclude that attorney fees are warranted in the interest of justice.

¶13    Even if we determined that the appellant was not entitled to fees under the "clearly without merit" category, we find that he is entitled to fees under the "knew or should have known" category.  The Board has held that OPM knew or should have known that it could not prevail on the merits when it lacked a

reasonable and supportable explanation for its position or when it ignored clear, unrebutted evidence that the appellant satisfied the criteria for a retirement benefit. *Fleming v. Office of Personnel Management*, 62 M.S.P.R. 37, 40 (1994). In evaluating this standard, the Board must examine the record before OPM at the time it issued its reconsideration decision. *Id.*

¶14   We find that, for the same reasons discussed above—namely, the longstanding legal precedent in *Konschak*—OPM should have known that it could not prevail on the merits. *See, e.g.*, *Davis*, 64 M.S.P.R. at 11-12 (concluding that OPM knew or should have known that it could not prevail on the merits when it, among other things, misinterpreted the relevant retirement statute and regulation); *Brown v. Department of Defense*, 12 M.S.P.R. 343, 349 (1982) (finding that attorney fees should be awarded under the "knew or should have known" category because the agency had ample notice of its need to compensate its counselors and knew or should have known that any adjudication involving the statute in question would result in an ultimate finding for the appellants).

The amount of attorney fees requested is reasonable.

¶15   In calculating what constitutes "reasonable attorney fees" under 5 U.S.C. § 7701(g)(1), the Board has found that the most useful starting point is to multiply the hours reasonably spent on the litigation by a reasonable hourly rate; the resultant product is the "lodestar." *Driscoll*, 116 M.S.P.R. 662, ¶ 10. Here, OPM has not challenged either the hours spent on the litigation or the hourly rates. AFF, Tab 3; PFR File, Tab 3. However, the Board has a statutory obligation to independently ensure that an award of attorney fees is reasonable. *Mercer v. Department of Health and Human Services*, 42 M.S.P.R. 115, 122 (1989); *see* 5 U.S.C. § 7701(g)(1) (stating that the Board is authorized to "require payment by the agency involved of *reasonable* attorney fees") (emphasis added)).

¶16   To that end, we have reviewed the employment contract between the appellant and his attorneys, the attorneys' billing records, and the declarations from the three attorneys who worked on the underlying appeal. AFF, Tab 1 at 12-28.

We find that the attorneys' hourly rates and claimed hours are reasonable under the circumstances. We therefore grant the appellant's request for attorney fees in its entirety.

## ORDER

**¶17** We ORDER OPM to pay the attorneys of record $16,230.00 in fees. OPM must complete this action no later than 20 days after the date of this decision. *See generally* Title 5 of the United States Code, section 1204(a)(2) (5 U.S.C. § 1204(a)(2)).

**¶18** We also ORDER OPM to tell the appellant and the attorney promptly in writing when it believes it has fully carried out the Board's Order and to describe the actions it took to carry out the Board's Order. We ORDER the appellant and the attorney to provide all necessary information that the agency requests to help it carry out the Board's Order. The appellant and the attorney, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

**¶19** No later than 30 days after the agency tells the appellant or the attorney that it has fully carried out the Board's Order, the appellant or the attorney may file a petition for enforcement with the office that issued the initial decision on this appeal, if the appellant or the attorney believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant or the attorney believes the agency has not fully carried out the Board's Order and should include the dates and results of any communications with the agency. *See* 5 C.F.R. § 1201.182(a).

**¶20** This is the final decision of the Merit Systems Protection Board in this matter. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

NOTICE OF APPEAL RIGHTS[1]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

---

[1] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals

of competent jurisdiction.[2]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[2]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board
Washington, D.C.